IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSH WHEELER | ) |
| | ) |
| | ) Docket No. |
| v. | ) |
| | ) JURY DEMAND |
| | ) |
| JACKSON NATIONAL | ) |
| LIFE INSURANCE CO. | ) |

## COMPLAINT

For his Complaint against Jackson National Life Insurance Co. ("Jackson National") Plaintiff Joshua Wheeler ("Plaintiff" or "Mr. Wheeler") states the following:

## PARTIES

1. Mr. Wheeler is a citizen and resident of the State of Tennessee. He is a former employee of Defendant.

2. Defendant Jackson National is a Delaware Corporation. Jackson National offers annuities for retail investors and fixed income products for institutional investors. Jackson National's principle place of business is in Denver, Colorado. Jackson National's Corporate Headquarters is in Lansing, Michigan. Defendant maintains its registered agent for the State of Tennessee with CT Corporation System, 800 S. Gay St., Suite 2021, Knoxville, TN 37929.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they are so related to the federal claims that they form part of the same case or controversy.

1

4. This is an action for equitable relief and damages for unlawful employment practices under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et. seq., ("FMLA"), Tennessee Disability Act, T.C.A. 8-50-103 ("TDA") and Tennessee common law. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission to vindicate rights pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101 et. seq. ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"). Plaintiff has requested a Notice of Suit Rights. Plaintiff incorporates by reference, with intent to later amend upon receipt of his Notice of Suit Rights to include federal disability claims under the ADA, as those claims are related to the same case and controversy.

## COVERAGE UNDER THE FMLA

5. At all times material to this action, based on information and belief and acknowledgment, Defendant has employed 50 or more employees for each working day during each of 20 or more calendar workweeks and is an "employer" as defined by the FMLA, 29 USC § 2611(4)(A). Defendant repeatedly approved Mr. Wheeler for FMLA leave during his employment at Jackson National.

6. At all times material to this action, Plaintiff was an eligible employee under the FMLA pursuant to 29 U.S.C. § 2611(2) and 29 C.F.R. § 825.110.

## FACTS

7. Mr. Wheeler is a qualified individual with a disability and/or perceived as an individual with a disability. Mr. Wheeler was hired by Defendant on or around April 2008. Mr. Wheeler was hired by Defendant as an Internal Wholesaler.

8. Mr. Wheeler's employment received satisfactory performance evaluations throughout his employment.

9. Mr. Wheeler relocated to Tennessee from Defendant's Colorado operation in 2011.

10. Mr. Wheeler was afflicted with a series of ill-fated personal circumstances and health impairments throughout his employment at Jackson National.

11. Mr. Wheeler's impairments included bi-polar disorder, sleep apnea, narcolepsy, emotional deregulation, obsessive compulsive disorder, depression, anxiety, and other conditions.

12. Mr. Wheeler took annual FMLA leave repeatedly throughout his employment with Jackson National. Mr. Wheeler's exercise of FMLA entitlement was largely used intermittently for flare ups that occur at episodic intervals.

13. Jackson National was provided medical certification by Mr. Wheeler for his utilized FMLA leave.

14. Heather Robinson of Jackson National's Human Resources largely administered Mr. Wheeler's medical leave following his relocation to Tennessee. She routinely granted his medical leave and accommodation requests without hassle.

15. Kyle Anthony, Greg Sodja, and others supervised Mr. Wheeler's job performance during his time at Jackson National. Mr. Wheeler received satisfactory performance evaluations and praise from his immediate supervisors.

16. Mr. Wheeler was approved for 12 weeks of intermittent leave pursuant to the FMLA in March 2013.

17. Heather Robinson was Plaintiff's FMLA administrator and Kyle Anthony was his supervisor at the time of his March 2013 FMLA approval.

18. Heather Robinson and Kyle Anthony left their employment at Jackson National shortly after Mr. Wheeler's March 2013 FMLA approval.

19. Donna Douglas took over responsibility for Mr. Wheeler's HR administration and Matt Cross took over some supervisory responsibilities over Mr. Wheeler.

20. Mr. Wheeler became the regular target of ridicule, insensitivity, harassment, and hostility for the remainder of his employment at Jackson National by Donna Douglas and Matt Cross as a result of his utilization of FMLA leave and his health impairments. Douglas also made false representations to Plaintiff regarding his FMLA entitlement.

21. Mr. Wheeler complained about the conduct of Douglas and Cross to Jackson National in the summer of 2013.

22. No actions against Douglas or Cross were taken in response to Mr. Wheeler's complaints.

23. Donna Douglas elevated the level of aggressive and adverse treatment after Mr. Wheeler's complaints. Douglas targeted Mr. Wheeler with a series of unfounded and/or false leave and performance allegations. Jackson National Agents also targeted Mr. Wheeler with an unwarranted, discriminatorily-motivated, and harassing probing of his medical records (which it later used as pretext grounds to terminate Mr. Wheeler in August 2013).

24. The medical providers of Mr. Wheeler informed Jackson National that Mr. Wheeler could perform the essential functions of his job, and merely needed minor accommodation in the event of future intermittent flare up of his condition.

25. Mr. Wheeler requested accommodation from Jackson National shortly before his termination.

26. Donna Douglas told Mr. Wheeler to request a "general leave of absence."

4

27. Jackson National did not consider or engage in a discussion regarding any other accommodations suggested by Mr. Wheeler's providers or requested by Mr. Wheeler other than Douglas' suggested "general leave of absence."

28. Jackson National failed to engage in an interactive process to determine if accommodation could be made without undue burden or hardship to Jackson National. Douglas remained steadfast that Mr. Wheeler could only request a "general leave" for absence for a continuous period of time.

29. Jackson National discriminatorily held against Mr. Wheeler the nature of his conditions without sufficient efforts to accommodate his impairments.

30. Mr. Wheeler was terminated within weeks of complaining to Jackson National in August 2013.

31. On or about August 9, 2013, Donna Douglas delivered Mr. Wheeler a termination letter. The letter noted that termination was necessitated because his conditions being "lifelong" and "unpredictable in timing and frequency."

32. Jackson National improperly represented on Mr. Wheeler's FINRA Form U5 that he was fired because he was incapable of performing his essential job duties. This misrepresentation on his FINRA Form U5 caused Mr. Wheeler considerable harm in securing subsequent employment after his unlawful termination from Jackson National.

33. Mr. Wheeler made his health conditions and impairments known to Defendant during his employment.

34. Plaintiff was otherwise qualified to perform the essential functions of his job at Jackson National.

35. Defendant retaliated against and interfered with Plaintiff for the exercise of FMLA entitled rights.

36. Defendants replaced Plaintiff with one or more individuals who were not disabled or, alternatively, his position remained open and he was treated differently and less favorably than similarly situated, non-disabled individuals who had not requested or needed reasonable accommodation or medical leave, or had recently taken entitled FMLA medical leave.

37. With respect to the conduct described herein, Defendants acted willfully and maliciously or with reckless indifference to Plaintiff's rights.

38. As a result of the conduct described herein, Plaintiff has lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, damage to his reputation, emotional distress, undue stress and anxiety, exacerbation of his medical conditions and loss of enjoyment of life; and incurred attorneys' fees and expenses.

39. Defendant's actions against Mr. Wheeler were a pretext for discrimination, retaliation, and interference, and against public policy.

## FMLA VIOLATIONS
### (Interference and Retaliation)

40. Plaintiff restates and incorporates herein the foregoing paragraphs.

41. At all times material to this action, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

42. Defendant is an eligible employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

43. Plaintiff was entitled to receive and did receive FMLA leave due to a serious health condition(s).

44. Defendant, through its agents, interfered and retaliated against Plaintiff for taking protected FMLA, e.g., upon Plaintiff's return to work after taking protected FMLA leave.
45. Defendant's actions constitute both interference and retaliation violations of the FMLA.
46. As a result of Defendant's actions, Plaintiff has suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.
47. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

### TDA (Disability Discrimination)

48. Plaintiff restates and incorporates the foregoing paragraphs.
49. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability (or impairment).
50. Defendant discriminated against Plaintiff on the basis of his disability and/or perceived disability in violation of the TDA.
51. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.
52. Plaintiff was terminated and not considered for re-employment as a result of his disability and/or perceived disability.
53. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

7

54. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

**RETALIATION (Common law wrongful termination, TPPA, FMLA, TDA)**

55. Plaintiff restates and incorporates herein the foregoing paragraphs.

56. It is the public policy and law of the State of Tennessee and Federal law, that employees must be able to exercise their rights under state and federal law without fear of reprisal or penalty from an employer.

57. Plaintiff objected to and protested the treatment he received after taking protected leave under the FMLA and as a result of his impairment (disabilities) and Defendant's termination of him that was based on his disability and/or perceived disability. Such actions by Plaintiff are statutorily protected activities under the aforementioned laws.

58. Contrary to public policy and the common law of the State of Tennessee, as well as in violation of the TDA, TPPA, and ADA, Defendant terminated Plaintiff's employment in retaliation for exercising his rights (among other reasons it terminated his employment).

59. Defendant retaliated against Plaintiff because of his protected activities by taking adverse action against Plaintiff. As a result of Plaintiff's assertion of rights, Defendant terminated his employment.

60. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

61. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## ADA CLAIMS (included upon exhaustion)

62. Plaintiff restates and incorporates herein the foregoing paragraphs.

63. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

64. Defendant discriminated against Plaintiff on the basis of his disability and/or perceived disability in violation of the ADA.

65. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

66. Defendant made no legitimate effort to engage in an interactive process with Plaintiff after being informed his medical condition to determine whether it could accommodate his conditions, which it had done repeatedly throughout several prior years.

67. Plaintiff was terminated and as a result of his disability or perceived disability.

68. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

69. As a result, Plaintiff is entitled to recover his damages, including his lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Hold a trial by jury on all triable issues;
2. Enter judgment in favor of Plaintiff and against Defendant on all counts in this action;
3. Enter declaratory judgment that the practices complained of are unlawful and void;
4. Award Plaintiff back pay and benefits;
5. Order reinstatement to Plaintiff's position or an equivalent position, alternatively award front pay and front benefits;
6. Award compensation to make Plaintiff whole for the loss of benefits;
7. Award compensatory damages for embarrassment, humiliation, emotional pain and suffering, mental anguish, severe stress and anxiety, psychological harm, inconvenience, and loss of enjoyment of life;
8. Award punitive damages;
9. Award liquidated damages;
10. Award attorney's fees and expenses;
11. Prejudgment interest, and if applicable, post-judgment interest; and
12. Such other and further legal or equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

_____
The Winfrey Firm
Brian C. Winfrey
2002 Richard Jones Rd.
Suite B-200
Nashville, TN 37215
BPR 025766
Attorney for Plaintiff