# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOSH WHEELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:14-cv-0913 |
| ) | Judge Aleta A. Trauger |
| ) | |
| JACKSON NATIONAL LIFE ) | |
| INSURANCE CO. d/b/a JACKSON ) | |
| NATIONAL LIFE DISTRIBUTORS d/b/a ) | |
| JACKSON NATIONAL FINANCIAL ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

The plaintiff Josh Wheeler ("Wheeler") has filed a Motion for Leave to File Second Amended Complaint Pursuant to Prior Reservation of Intent to Amend Upon Administrative Exhaustion and Delivery of Right to Sue Letter ("Motion for Leave to Amend") (Docket No. 25), to which the defendant Jackson National Life Insurance Co. ("Jackson") has filed a Response in opposition (Docket No. 26), Wheeler has filed a Reply (Docket No. 27), and Jackson has filed a Sur-Reply (Docket No. 36). For the following reasons, the motion will be granted.

## BACKGROUND

This case involves claims by Wheeler against his former employer, Jackson, for discrimination and retaliation based on disability. On April 4, 2014, Wheeler filed the initial Complaint in this action (Docket No. 1), and, on May 5, 2014, he filed an Amended Complaint (Docket No. 6) raising claims arising from his employment from 2011 to 2013 and subsequent

1

termination on August 9, 2013. The Amended Complaint states that it is "an action for equitable relief and damages for unlawful employment practices under the (1) Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, ("FMLA"), (2) Tennessee Disability Act, T.C.A. 8-50-103 ("TDA") and Tennessee common law." (Docket No. 6, ¶ 4.) The Amended Complaint further states that:

> Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission to vindicate rights pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"). Plaintiff has requested a Notice of Suit Rights. Plaintiff incorporates by reference, with intent to later amend upon receipt of his Notice of Suit Rights to include federal disability claims under the ADA, as those claims are related to the same case and controversy.

(*Id.*) Following this statement, the Amended Complaint pleaded facts (*see id.* at ¶¶ 7-39) and asserted the following related causes of action: (1) FMLA violations (interference and retaliation), (2) disability discrimination under the TDA, (3) retaliation under Tennessee common law, the [Tennessee Public Protection Act], and the TDA, and (4) ADA claims "*included upon exhaustion*." (*Id.* at ¶¶ 40-69 (emphasis added).) Paragraphs sixty-two through sixty-nine of the Amended Complaint specifically alleged facts related to Wheeler's pending-amendment federal disability claims under the ADA. (*Id.* at ¶¶ 60-69.) On May 28, 2015, Jackson filed an Answer to the Amended Complaint in which it responded to paragraphs sixty-two through sixty-nine. (Docket No. 9 at p. 7.) In addition, Jackson asserted substantive affirmative defenses related to Wheeler's ADA claims. (Docket No. 9 at pp. 8-9.)

On September 16, 2015, Wheeler filed the pending Motion for Leave to Amend, asserting that he had received his Notice of Right to Sue from the Equal Employment Opportunity

Commission ("EEOC") related to his ADA claims. (Docket No. 25.) On September 18, 2015, Jackson filed a Response in opposition. (Docket No. 26.) On the same date, Wheeler filed his Reply. (Docket No. 27.) On October 5, 2015, the court issued an order in which it noted that the "handling of the plaintiff's case by the EEOC is exceptionally shoddy" and that the court was "inclined to grant the plaintiff's motion on equitable grounds."[1] (Docket No. 29.) However, the court allowed Jackson to file a Sur-Reply, which it did on October 15, 2015. (Docket No. 36.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) governs amending pleadings before trial. A party may amend a pleading once as a matter of course within (a) twenty-one days after serving it, or (b) if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may only amend a pleading by obtaining the opposing party's written consent or receiving leave of the court. Fed. R. Civ. P. 15(a)(2). Where it is requested, the court should "freely" give leave when justice so requires. *Foman v. Davis*, 371 U.S. 178, 230 (1962).

However, a motion to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Institute LLC v. Medical Mutual of*

---

[1] The court's October 5, 2015 order stated that the court was "tempted to schedule an evidentiary hearing requiring the EEOC representative to appear and explain his conduct." (Docket No. 29 at p. 1.) Upon further review of the motion papers, the court has determined that this will not be necessary.

3

*Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Foman,* 371 U.S. at 182). Furthermore, "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, St. of Mich., Revevue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)).

## ANALYSIS

Wheeler seeks to formally add his federal ADA claims by means of filing a Second Amended Complaint on the grounds that the EEOC sent him a Notice of Right to Sue on September 15, 2015, thereby finally making these claims ripe for formal inclusion. (Docket No. 25 at p. 2.) He contends that all facts and documents related to the ADA claims for which he received the Notice of Right to Sue have been addressed in discovery due to the prior informal inclusion of those claims in the Amended Complaint and, as a result, Jackson will suffer no prejudice if the court permits Wheeler to amend again. (*Id*.) Jackson argues, however, that, despite Wheeler's receipt of the September 2015 Notice of Right to Sue, Wheeler has not sufficiently demonstrated that he has exhausted his administrative remedies and therefore should not be permitted to pursue his ADA claim. (Docket No. 26 at p. 1.) More specifically, Jackson contends that Wheeler failed to file a timely Charge of Discrimination ("Charge") with the EEOC within the required 300-day limitations period following his termination by Jackson. (*Id*.) Rather, Jackson asserts, Wheeler's September 15 Notice of Right to Sue is based upon a Charge filed in 2015. (*Id*. at pp. 1-2.) Accordingly, Jackson argues that Wheeler's ADA claims based on the September 2015 Notice of Rights to Sue would not survive a motion to dismiss for failure to exhaust administrative remedies because the underlying charge is time-barred. (*Id*. at p. 2.)

4

Thus, Jackson asks the court to deny the Motion for Leave to Amend as futile. (*Id*.)

In factual support of its argument, Jackson stresses that, when Wheeler filed the Amended Complaint with the placeholder ADA claims, he did not attach a copy of the Charge referenced therein; and, in discovery, Wheeler did not produce a Charge but only a signed copy of an EEOC Intake Questionnaire Form and an undated "sample EEOC Charge Form" signed by him. (*Id*. at p. 2.) According to Jackson, this document was labeled with a number that Wheeler asserted was the EEOC Charge number for a 2013 EEOC Charge – Charge No. 494-2013-01984 ("2013 Charge No."). Jackson alleges that, on September 23, 2014, it submitted a Freedom of Information Act ("FOIA") request to the EEOC with respect to the 2013 Charge No., pursuant to the provisions of 5 U.S.C. § 552 and Section 83 of the EEOC's Compliance Manual. (*Id*. (citing Docket No. 26-1, Ex. A).) On November 18, 2014, the EEOC responded to the FOIA Request by stating "Your request does not reasonably describe the records you wish disclosed, therefore it is denied. Specifically, no charge of discrimination was filed as of 11-17-2014." (*Id*. at pp. 2-3 (citing Docket No. 26-1, Ex. B).)

Jackson further relies upon the fact that, on August 26, 2015, nearly one year after the submission of that FOIA Request, the EEOC sent Jackson a Notice of Charge of Discrimination ("Charge Notice"), which notified Jackson that Plaintiff had filed a Charge but that no action was required by Jackson at that time. (*Id*. at p. 3 (citing Docket No. 26-1, Ex. C).). Jackson highlights that the Charge number listed on the Charge Notice was 494-2015-01887 ("2015 Charge No."), which is different from the 2013 Charge No. previously provided by Wheeler, and Jackson notes

that the Charge Notice made no reference to that other number.[2] (*Id*.).

Wheeler argues that – contrary to Jackson's assertions – he filed his only Charge of Discrimination with the EEOC in September of 2013 and that he and his counsel have diligently pursued his EEOC claim since that date. Furthermore, Wheeler argues that, even if the EEOC delayed the processing of his Charge of Discrimination until 2015, equitable principles require that his ADA claims be deemed timely administratively exhausted in this case. In support of this argument, Wheeler offers a more detailed chronology of events.

According to Wheeler, approximately one month after he was terminated by Jackson, about September 18, 2013, he went to the Nashville Area Office of the EEOC and submitted an in-person Intake Form and Charge related to his employment with and termination by Jackson. (Docket No. 27 at p. 1 (citing Docket No. 27-2, Ex. B; Docket No. 27-3, Ex. C).) Wheeler argues that he filed his Charge in person in September 2013 by placing an "X" in the box on his Intake Form stating, "I want to file a charge of discrimination." (*Id*. at 6.) Specifically, directly above Wheeler's dated signature on the EEOC Intake Form, he checked Box 2, which reads:

> I *want* to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

(*Id*. (citing Docket No. 27-2) (emphasis added).) In doing so, Wheeler deliberately did *not* check Box 1, which states "I want to talk to an EEOC employee before deciding whether to file a

---

[2] Jackson acknowledges that it has never received a copy of a "new" Charge made in 2015 from the EEOC or Wheeler. (*Id*.)

charge. I understand that by checking this box, I have *not* filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge at this time." (*Id*. (emphasis added).)

Wheeler maintains that, on January 6, 2014 (still within the 300-day period), he subsequently transmitted by fax to the EEOC a 58-page correspondence packet regarding his ADA claims, including a request for amendment of his September 2013 Charge to specifically include claims of retaliation. As evidence for this assertion, Wheeler has adduced a copy of a letter dated January 6, 2014 from his counsel to Tim Eckwood of the EEOC's Nashville Area Office. (Docket No. 27 at p. 2 (citing Docket No. 27-4, Ex. D).) This five-page letter sets forth Wheeler's claims in detail and has the stated purpose of "serv[ing] as an aid for [the EEOC's] investigation." (Docket No. 27-4, Ex. D. at p. 1 n.1.) The letter also includes a request for amendment to include claims of retaliation and a request for Eckwood to "forward the amended charge to [counsel's] office." (*Id*. at p. 1.) The letter concludes with an expression of appreciation for "the [EEOC's] processing of his earlier Charge of Discrimination and this request for amendment." (*Id*. at p. 6.) Wheeler has provided a fax confirmation, also dated January 6, 2014, of the delivery of this letter and an attachment of supporting materials as proof that these materials were received by the EEOC's Nashville Area Office. (Docket No. 27 at p. 2 (citing Docket No. 27-5, Ex. E; Docket No. 27-6, Ex. F).)

Wheeler represents that his next contact with the EEOC took place on April 1, 2014, when his counsel called Eckwood to request the outstanding Right to Sue Notice, due to the fact

7

that it had been over 180 days since the date of his initial filing in September 2013.[3] (Docket No. 27 at p. 3.) Shortly after that conversation, on April 8, 2014, Wheeler's counsel sent Eckwood another letter at the EEOC's Nashville Area Office. The letter stated: "Our office was recently requested to provide a sample EEOC charge form for Mr. Wheeler's matter. Please see the attached. If at all possible, please deliver a formal charge form to our office upon processing and delivery to the employer (Jackson National)." (*Id*. (citing Docket No. 27-7, Ex. G).) The letter was accompanied by another Charge form. (*Id*.)

On October 14, 2014, Wheeler's counsel sent additional correspondence to Eckwood at the EEOC related to Wheeler's ADA claims. (*Id*. at p. 4 (citing Docket No. 27-8, Ex. H).). Wheeler's counsel again stated:

> In response to your call, please see the attached (EEOC Intake Form), which was filled out in person at the EEOC with the demand for filing an EEOC Charge on 9/18/2012 (sic). Please inform me of the status of this matter, as this case is in active litigation and this is extremely significant. *This matter should have been completely filed on multiple occasions* and we requested to include retaliation on Jan. 6 of this year [2014], as you can see in the delivered correspondence. We even delivered a sample EEOC charge in April 2014.

(*Id*. (emphasis added).)

On August 18, 2015, Wheeler's counsel sent another letter to Eckwood at the EEOC, this time formally requesting Wheeler's Right to Sue Notice. (*Id*. at pp. 4-5 (citing Docket No. 27-9, Ex. I).). Wheeler's counsel stated as follows: "A right to sue letter is imminently needed as Mr. Wheeler has present federal court litigation pending, needing these claims in order to efficiently proceed. This matter has been with the commission for over 180 days, *as Mr. Wheeler submitted*

---

[3] As mentioned *supra*, the Complaint in this action was filed on April 4, 2014 and included the placeholder ADA claims.

*his charge filing request to the Commission on 9/18/2013.*" (*Id*. (emphasis added).) Soon after this correspondence, on September 14, 2015, the EEOC sent Wheeler a Right to Sue Notice. (*Id*. at p. 5 (citing Docket No. 27-10, Ex. J).)

In its Sur-Reply, Jackson contends that Wheeler has neither established that he timely filed a Charge of Discrimination in 2013, nor that he is entitled to equitable tolling. Jackson cites the text of Wheeler's April 8, 2014, letter, in which Wheeler asks the EEOC to "please deliver a formal charge form to our office upon processing and delivery to the employer (Jackson)," and suggests that this phrasing means that Wheeler "knew neither he nor [Jackson] had received a formal charge at that time and that his initial Intake Questionnaire (and subsequent letters or sample charges) had not been considered a charge by the EEOC or processed as one." (Docket No. 36 at pp. 5-6.) Essentially, Jackson contends that Wheeler was on notice that, if he had really intended to file a Charge in 2013, he needed to do more to be successful and that these failures rule out the application of equitable tolling. (*Id*. at p. 6.) Instead, Jackson argues, Wheeler knew he had failed to file a Charge in 2013 and so he "filed" one in 2015. (*Id*.)

Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(e)(1); *Jones v. Sumser Retirement Village*, 209 F.3d 851, 853 (6th Cir. 2000). An employee may not file a suit under the ADA if he or she has not filed a Charge with the EEOC, exhausted his or her administrative remedies, and possesses a Right to Sue Notice from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a) (procedures from § 2000e–5 apply to ADA claims); *see also EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999). Notably, the Sixth Circuit

9

has held that the failure to exhaust administrative remedies, resulting in the failure to obtain a Right to Sue Notice, is not a jurisdictional defect, *see Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998), and that such requirement may be waived by the parties or the court.[4] *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (citing *Rivers*, 143 F.3d at 1031). As a precondition or timing requirement, rather than a jurisdictional requirement, administrative exhaustion and receipt of a Right to Sue Notice is therefore subject to equitable tolling, estoppel and waiver. *Truitt v. Cnty. Of Wayne,* 148 F.3d 644, 646-47 (6th Cir. 1998); *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1487 (6th Cir. 1989).

Of the factors relevant to equitable tolling, the two most applicable here are "diligence in pursuing one's rights" and "absence of prejudice to the defendants." *Truitt*, 148 F.3d at 648. The evidence of record here supports a finding that Wheeler exercised reasonable diligence in pursuing the filing of a Charge with the Nashville office of the EEOC from 2013 onward. Wheeler submitted an Intake Form and Charge paperwork in September 2013, shortly after his termination by Wheeler. Wheeler's counsel repeatedly spoke to the EEOC investigator assigned to his case, and sent the EEOC additional evidence and correspondence regarding Wheeler's sought-after Charge (regarding both the original discrimination claim and expanded retaliation claim) in January, April and October of 2014, within the statutory time frame. Wheeler's efforts were consistent and complementary and had the common theme of attempting to obtain from the

---

[4] Following the U.S. Supreme Court's decision in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), the Sixth Circuit has also recently made clear that administrative exhaustion of specific claims (*e.g.*, by failing to include them in a Charge of Discrimination) are not jurisdictional requirements under laws similar to the ADA. *See Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 401-02 (6th Cir. 2008) (ADEA); *Adamov v. U.S. Bank Nat'l Ass'n*, 726 F.3d 851, 856 (6th Cir. 2013). In *Arbaugh*, the Supreme Court cautioned that a requirement is only jurisdictional when Congress "clearly states" that this is the case. *Arbaugh*, 546 U.S. at 515.

EEOC a long-delayed Notice of Right to Sue. A plausible explanation for the EEOC's FOIA response to Jackson is simply that the EEOC, as reflected in its drawn-out communications with Wheeler, had internally delayed the processing of Wheeler's Charge.

Faced with the need to file the instant litigation, Wheeler did so and included his placeholder ADA claims. The defendant has been on notice of those claims, answered them, and had the ability to conduct discovery based upon them. After delays that appear to have been internal to the EEOC, that agency finally delivered a Notice of Right to Sue in 2015. There is no compelling evidence that this Notice of Right to Sue is not the result of the process that Wheeler initiated in September 2013. On balance, the court is satisfied that Wheeler exercised reasonable diligence over time and that any delay in the filing or processing of his EEOC Charge is due to the EEOC's slow and confusing handing of plaintiff's claim. (*See* Docket No. 29 at p. 1.)

Furthermore, Jackson will not be prejudiced by the application of equitable tolling. Wheeler was terminated in August 2013. By April 2014, Wheeler had filed the initial Complaint in this matter containing placeholder ADA claims. Jackson was therefore on notice more than eighteen months ago of the presence of these potential claims in the case, as well as the fact that Wheeler was pursuing these claims via the EEOC process. It is not credible for Jackson to assert that it is prejudiced in the equitable tolling analysis when Jackson has not been legitimately caught unaware. This conclusion is strengthened by the similarity between Wheeler's ADA and TDA causes of action (the latter of which Jackson has been actively defending against in this litigation and has moved for summary judgment upon). Moreover, in the court's October 5, 2015 Order, it noted that "[t]he amendment to add an ADA claim cannot come as any surprise to the defendant, as it was mentioned at the initial case management conference on June 2, 2014, when

11

plaintiff's counsel made the court aware of the fact that he was still waiting for a right to sue letter on that claim." (Docket No. 29 at p. 1.) Accordingly, Jackson will neither be prejudiced by the application of equitable tolling to the filing of the Charge and the receipt of the Notice of Right Sue, nor by the filing of the Second Amended Complaint.

It is within the court's discretion to balance the equities and apply equitable tolling here, and the court finds this to be the most just outcome, especially given the Sixth Circuit's stated preference for resolution of issues on the merits instead of dismissal on failure-to-exhaust grounds. *See Hill v. Nicholson*, 383 F. App'x 503, 507-08 (6th Cir. June 24, 2010) (assuming, in dispute over timing, that plaintiff had exhausted claims before EEOC to allow decision of issues on the merits).

## CONCLUSION

The Motion for Leave to Amend (Docket No. 25) is **GRANTED**. The Second Amended Complaint is deemed filed as of this date. This Order will not affect the Case Management Report or Scheduling Order. Wheeler may file a supplement to its Motion for Summary Judgment by December 7, 2015. Jackson may respond by December 14, 2015. The parties' pending motions for summary judgment will be decided in a separate order.

It is so **ORDERED**.

Enter this 2nd day of December 2015.

_____
ALETA A. TRAUGER
United States District Judge